## Commonwealth v. Hunt

*Alfred L. Steff*, for Commonwealth.

*J. Frank Kelker, Jr.*, for defendant.

ROWLEY, J., July 15, 1968.—On December 5, 1967, at about 11:15 a.m., a truck, driven by defendant, Ralph Hunt, was involved in an accident at the intersection of Darlington Road and Eighth Street in Patterson Township, Beaver County. Defendant was charged with a violation of section 1014(c) of The Vehicle Code of April 29, 1959, P. L. 58. The information was signed by Police Chief, Robert Mineard.

Defendant waived a hearing before the justice of the peace and the matter was heard by the court. At the hearing, Chief Mineard testified that he was called to the scene of the accident shortly after it occurred. Defendant, by his counsel, made a motion at that time that the information be quashed for the reason that Chief Mineard, the prosecutor, was not an eyewitness to the accident and the information signed by him did not disclose that it was made on information received. A ruling on defendant's motion was deferred and the hearing was completed.

Defendant's motion to quash the information must be denied for two reasons. The basis of defendant's motion is, apparently, that in failing to disclose that Chief Mineard was not an eyewitness and that it was made on information received, the information violated Article I, sec. 8, of the Pennsylvania Constitution. This question has never squarely been decided by the appellate courts of this State. There have been, for a number of years, two schools of thought among

the trial courts of the Commonwealth. However, even among those courts which apply the rule that the Constitution does require that the information disclose that it is based upon information received, the rule is not applicable to the circumstances in this case. Chief Mineard testified that he arrived at the scene shortly after the accident. He was able to testify as to the weather and the road conditions, as well as the condition of the two vehicles involved. Moreover, he was able to testify that defendant, from a stopped position on Eighth Street, had a view to the south, the direction from which the car with which he collided was proceeding, of 300-400 feet. Finally, he testified that defendant, Mr. Hunt, told him that he stopped at the stop sign on Eighth Street, that he did not see the other car on Darlington Road and pulled into the intersection where he collided with the other vehicle. It was on the basis of these facts disclosed by Chief Mineard's investigation that he filed the information against defendant. Such an information is not one made on information received, but rather upon information which the prosecuting officer obtained from his investigation of the scene of the accident and from defendant himself. Such evidence was not hearsay evidence but rather direct evidence. With such evidence and information Chief Mineard was able to make out a case against the defendant without the testimony of any other witness or person: Commonwealth v. Walborn, 5 D. & C. 2d 241 (Bradford County 1955).

In Commonwealth v. Gatoweski, 16 D. & C. 2d 611 (Columbia Co. 1958), the circumstances were similar to those in the present case. There, the court said in denying defendant's motion to quash the information, at pages 615 and 616:

"From the foregoing, we at once observe the prosecuting officer was at the scene of the accident shortly after it occurred. He not only observed the mute evi-

dence with respect to the damage to the cars and where they came to rest, the weather and roadway conditions and so forth, but more important he interviewed the parties, including defendant, and thereby obtained the facts laid in the information.

"In the cases cited by counsel for defendant, a reading thereof will at once reveal that in those cases the information was lodged on pure rumor received from persons not involved, which made it a matter of hearsay, and under those circumstances we have no fault to find with the conclusions therein reached. However, the case at bar is definitely different . . ."

We are of the opinion, therefore, that the information in this case made by Chief Mineard was not made by him on information received, but rather was based upon direct evidence of which he had personal knowledge as a result of his investigation and defendant's admission to him. Thus, even were we to follow the rule of those cases which require that the information disclose that it be made on information received, it would not be applicable to the information filed in this case and would not require that the information be quashed.

There is another reason, however, which requires that defendant's motion be denied. We are of the opinion that, and in accord with those decisions which hold that, Article I, sec. 8, of the Constitution of Pennsylvania, does not require that an information set forth that the prosecutor is making it on information received and that he believes in the truth of the information received. We have examined the cases on both sides of the question. However, we are of the opinion that the better view is that expressed in Commonwealth v. Gentry, 31 D. & C. 2d 221 (Chester Co. 1963). There, President Judge Gawthrop in a very carefully considered and thorough opinion said, at page 225:

"Some courts have raised the question without deciding it, and defendant here argues that a defendant may be prejudiced or deprived of a constitutional safeguard in preparation of his defense by the prosecutor's failure to state in a criminal information, which he signs and subscribes, that it was made on information received from others which he believes to be true: Commonwealth v. Deppen, supra; Commonwealth v. Webber, supra; Commonwealth v. Cravener, 16 D. & C. 2d 134, 139. But it seems clear to us that his substantive rights are not violated, though he may be at slight disadvantage, by being led to believe the prosecutor is an eyewitness. We incline to the view expressed by Henninger, P. J., in Commonwealth v. Rupp, 84 D. & C. 435, that the provision of the law permitting a prosecutor to initiate a prosecution on information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge; but under Mallini, if without personal knowledge of the facts he is nevertheless willing to take an unequivocal oath that the accused committed the act, the very oath itself is an averment of his belief of the facts stated. See also Commonwealth v. Kepner, 2 D. & C. 2d 756, and Commonwealth v. Grossman, 26 D. & C. 2d 253".

This case was followed by Montgomery County in Commonwealth v. Maute, 43 D. & C. 2d 203 (1967) and in Warren County in Commonwealth v. Hilliard, 37 D. & C. 2d 568 (1965). As Judge Ditter said in Commonwealth v. Maute, supra, it would serve no useful purpose to repeat what was said in those cases. We concur with their holdings and will follow this principle until such time as it may be changed by the appellate courts of this Commonwealth. Thus, defendant's motion to quash the information will be denied.

As to the facts of the case, the testimony discloses that defendant was traveling east on Eighth Street;

that there is a stop sign on Eighth Street where it intersects and crosses Darlington Road; that one Mr. James W. Smith was operating an automobile in a northerly direction on Darlington Road and approaching the intersection with Eighth Street. The road was dry and the weather was clear. Defendant testified that he stopped at the stop sign, that he looked but did not see the Smith vehicle approaching and pulled out into the intersection where he collided with the Smith car. As we have indicated, Chief Mineard testified that defendant had a view some 300-400 feet to the south from the stop sign. He also testified that the speed limit on Darlington Road was 35 miles per hour. Under the section of The Vehicle Code requiring defendant to yield the right of way to vehicles on Darlington Road, he had the duty to stop and look before proceeding and also the duty to see any vehicle approaching on the highway. No excuse is offered and none could be accepted for defendant's failure to observe or see the Smith vehicle before going into or entering the intersection. Before crossing Darlington Road, defendant was under the duty of yielding the right of way to the Smith vehicle which was approaching from the south on Darlington Road, unless he was so far in advance of it, that in the exercise of reasonable care and prudence he was justified in believing he could cross ahead of it without danger of collision. Obviously, he was not. These circumstances clearly disclose a violation of section 1014(c) of The Vehicle Code.

## ORDER

Now, July 15, 1968, defendant's motion to quash the information is denied. Defendant is adjudged guilty. It is ordered and directed that defendant appear in court for sentence on September 11, 1968, at 9:15 a.m. (EDST), unless, in the meantime, he shall pay the costs of prosecution and a fine of $10.